FILED BY _____ D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

05 MAY 19 AM 6: 51

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

| | | |
|---|---|---|
| SHELBY COUNTY HEALTH CARE CORP., d/b/a REGIONAL MEDICAL CENTER, | ) ) ) ) | |
| Plaintiff, | ) | Case No.- 03-2250 |
| v. | ) ) | |
| AURORA FOODS, and UNITED MEDICAL RESOURCES, | ) ) ) | |
| Defendants. | ) ) | |

| | |
|---|---|
| AURORA FOODS, | ) ) |
| Counterclaim Plaintiff, | ) ) |
| v. | ) ) |
| SHELBY COUNTY HEALTH CARE CORP. d/b/a REGIONAL MEDICAL CENTER, | ) ) ) |
| Counterclaim Defendant. | ) ) ) |

**ORDER 1) DENYING DEFENDANTS' JOINT MOTION TO DISMISS/FOR SUMMARY
JUDGMENT REGARDING PLAINTIFF'S AMENDED COMPLAINT; 2) DENYING
DEFENDANTS' JOINT MOTION FOR SUMMARY JUDGMENT REGARDING
DEFENDANTS' JOINT AMENDED COUNTERCLAIM; 3) GRANTING PLAINTIFF'S
CROSS MOTION FOR SUMMARY JUDGMENT WITH REGARD TO PLAINTIFF'S
AMENDED COMPLAINT; AND 4) GRANTING PLAINTIFF'S CROSS MOTION FOR
SUMMARY JUDGMENT WITH REGARD TO DEFENDANTS' JOINT AMENDED
COUNTERCLAIM**

Before the Court are the motions (dkt. #35) of Aurora Foods ("Aurora") and United Medical

Resources ("UMR") (collectively "Defendants"). One joint motion is to dismiss or for summary

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on  5-19-05

56

judgment as to Plaintiff Shelby County Health Care Corporation d/b/a Regional Medical Center's ("Plaintiff" or "the Med") amended complaint, and one joint motion is for summary judgment as to Defendants' joint amended counterclaim. Also before the Court are the cross motions for summary judgment (dkt. # 37) of Plaintiff as to Plaintiff's amended complaint and as to Defendants' joint amended counterclaim. The Court has jurisdiction pursuant to 28 U.S.C. § 1332. For the following reasons, the Court denies Defendants' motions and grants Plaintiff's motions.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

From September 7, 2001 through September 10, 2001, Plaintiff provided medical services to Marion Evans during and after the birth of her twins Hailey and Ashley Evans ("twins"). Ms. Evans was enrolled by her husband, Christopher Evans, into his medical insurance plan, Aurora Foods Inc. PPO Medical Plan (the "Plan"), which is sponsored and administered by Aurora. UMR serves as the Claims Administrator, or third party administrator, processing claims for benefits under the Plan. The twins were hospitalized at the Med from their birth on September 7, 2001 until October 25, 2001.

Christopher Evans and/or Marion Evans completed an assignment of benefits, giving Plaintiff the right to receive payment of benefits under any health coverage held by Ms. Evans and the twins. Thereafter, Plaintiff submitted claims to the Plan. Defendants paid $116,446.81, which covered the medical expenses of the twins. However, the coverage of the twins was contingent upon their being enrolled within thirty-one days of their birth. They were not enrolled until November 14, 2001, and thus, even though the claim was paid, the twins were not covered under the Plan.

Defendants did not pay the claim for $6,251.46 filed by Plaintiff for the care of Ms. Evans and Plaintiff filed the instant action in the Court of General Sessions of Shelby County, Tennessee,

seeking to recover the $6,251.46. Defendants then notified Plaintiff that they were not paying the claim for Ms. Evans' care because they were using it to offset the overpayment of the twins' claim. On April 16, 2003, Defendant UMR filed a notice of removal to the United States District Court for the Western District of Tennessee.

Aurora filed a counterclaim against Plaintiff. Plaintiff filed an amended complaint on June 6, 2003. On August 5, 2003, Defendants filed a joint amended counterclaim and a joint motion to dismiss or for summary judgment as to Plaintiff's amended complaint and a joint motion for summary judgment as to Defendants' joint amended counterclaim. On September 23, 2003, Plaintiff filed cross motions for summary judgment.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In other words, summary judgment is appropriately granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The party moving for summary judgment may satisfy its initial burden of proving the absence of a genuine issue of material fact by showing that there is a lack of evidence to support the nonmoving party's case. Id. at 325. This may be accomplished by submitting affirmative evidence negating an essential element of the nonmoving party's claim, or by attacking the opponent's evidence to show why it does not support a judgment for the nonmoving party. 10a Charles A.

3

Wright et al., Federal Practice and Procedure § 2727, at 35 (2d ed. 1998).

Facts must be presented to the court for evaluation. Kalamazoo River Study Group v. Rockwell Int'l Corp., 171 F.3d 1065, 1068 (6th Cir. 1999). The court may consider any material that would be admissible or usable at trial. 10a Charles A. Wright et al., Federal Practice and Procedure § 2721, at 40 (2d ed. 1998). Although hearsay evidence may not be considered on a motion for summary judgment, Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp., 176 F.3d 921, 927 (6th Cir. 1999), evidentiary materials presented to avoid summary judgment otherwise need not be in a form that would be admissible at trial. Celotex, 477 U.S. at 324; Thaddeus-X v. Blatter, 175 F.3d 378, 400 (6th Cir. 1999).

In evaluating a motion for summary judgment, all the evidence and facts must be viewed in a light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Wade v. Knoxville Utilities Bd., 259 F.3d 452, 460 (6th Cir. 2001). Justifiable inferences based on facts are also to be drawn in favor of the non-movant. Kalamazoo River, 171 F.3d at 1068.

Once a properly supported motion for summary judgment has been made, the "adverse party may not rest upon the mere allegations or denials of [its] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A genuine issue for trial exists if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586.

4

## III.   ANALYSIS

Defendants allege that they are entitled to a refund of $94,385.64 for the overpayment for the care of the twins.[1]  They further contend that they should not have to pay the outstanding claim for Marion Evans, as it should be used to offset the overpayment.  Plaintiff maintains that it is entitled to keep the payment for the care of the twins and that Defendants should be required to pay the outstanding claim for Marion Evans.

It is undisputed that Marion Evans was covered under the plan when she was hospitalized for the birth of the twins.  Defendants acknowledge that $6,082.46 is properly payable under the plan.[2]  However, Defendants paid Plaintiff $94,385.64 because they accepted the charge for the twins, even though the twins were not covered by the Plan.  Defendants contend that Plaintiff is required to return the remainder of the overpaid amount because the Plan specifies that if the Plan overpays, the provider is obligated to return the overage within thirty days of discovery or demand.

Plaintiff asserts that Defendants should be equitably estopped from seeking reimbursement of the $94,385.64 because Plaintiff reasonably relied on the payment to its detriment and both the Med and the Evanses would suffer irreparable harm as a result.

The elements of equitable estoppel are:

1) conduct or language amounting to a representation of material fact;
2) awareness of the true facts by the party to be estopped;
3) an intention on the part of the party to be estopped that the representation be acted on, or conduct toward the party asserting the estoppel such that the latter has a right

---

[1]Defendants paid $116,446.81, of which they concede that 22,061.17 was covered for Marion Evans.  The remaining $94,385.64 was for the care of the twins.

[2]The Plaintiff claims that the amount owed is $6,251.46, but Defendants assert that, although that was the total amount for medical services, only $6,082.46 is payable under the plan.

to believe that the former's conduct is so intended;

4) unawareness of the true facts by the party asserting the estoppel; and

5) detrimental and justifiable reliance by the party asserting estoppel on the representation.

Armistead v. Vernitron Corp., 944 F.2d 1287, 1298 (6th Cir. 1991); Anderson v. AT&T Corp., 147

F.3d 467, 477 (6th Cir. 1998).

Applying these factors, the Court finds that Defendants are equitably estopped from seeking reimbursement of the overpayment. As to the first element, Defendants paid the claims for the twins, which represented to Plaintiff that the claim was covered by Defendants. Payment of the claims constituted conduct amounting to a representation of fact. Furthermore, after the thirty-one days the Evanses had to enroll the twins had passed, Defendants allowed the payment of the claims to stand for over a year. This conduct would certainly amount to a representation by Defendants that it was their intention to cover the claims. Thus, the first element is satisfied.

In considering the second element, Defendants maintain that they were unaware that the twins were not enrolled by the deadline and thus not covered. However, the information was available to them and they should have known. Defendants were in control of the details of the twins' enrollment. Defendants had the authority to pay the claim and Plaintiff had no cause to question it. In Anderson, the Sixth Circuit held that the fact that a promise is made by someone with the apparent authority to make such a promise "is sufficient to satisfy (or at least to stand in for) the awareness element." Anderson, 147 F.3d at 477. Here, Defendants had the authority to commit to coverage of the twins. When they made that commitment by paying the claim, that was sufficient to stand in for the awareness element.

The third element, that Defendants intended for the Plaintiff to act on the representation or

6

that Plaintiff had a right to believe that the Defendants so intended, was also met.  By paying the claim and negligently failing either to discover that the enrollment was late or to demand that Plaintiff refund the overpayment, Defendants made it clear that they intended for Plaintiff to refrain from filing a TennCare claim.

As to the fourth element, Plaintiff had no way to know that the twins were not enrolled on time.  In fact, Plaintiff had every reason to believe that the twins were covered because the claim was paid and over a year went by without a demand for a refund from Defendants.

Finally, Plaintiff has satisfied the fifth element;  Plaintiff detrimentally and justifiably relied on the representation.  As discussed above, when Defendants paid the claim and did not demand a refund of the overpayment until long after the deadline for Plaintiff to file a claim with TennCare, Plaintiff was justified in relying on the coverage.  Furthermore, Plaintiff detrimentally relied on the payment of the claim as evidenced by Plaintiff's failure to file a claim with TennCare, leaving it with no possible coverage for the claim.  As all elements have been met, the Court finds that Defendants are equitably estopped from recovering the overpayment from Plaintiff.

Defendants assert that Plaintiff would be unjustly enriched if it were permitted to keep the overpaid claim.  In order to succeed on a theory of unjust enrichment, Defendants would have to show that it would be inequitable for Plaintiff to keep the overpayment.  Lawyers Title Ins. Corp. v. United Am. Bank of Memphis, 21 F.Supp. 2d 785, 806 (W.D. Tenn. 1998).  However, the Court finds that the inequity would occur if Plaintiff were to be required to return the overpayment after detrimentally relying on Defendants' coverage of the claim.

Defendants argue that the $6,082.46 owed to Plaintiff for the care of Marion Evans should be used to offset the overpayment for the birth and care of the twins.  The Plan includes a provision

that states that, if an overpayment is made, "the Plan shall have the right to reduce future payments due to such person by the amount of such erroneous payment." Def. Joint Am. Counterclaim, Ex. 2. However, the Court has held that Defendants are not entitled to reimbursement of the overpayment. Accordingly, Defendants could not be entitled to offset.

Plaintiff contends that it is entitled to the $6,251.46 outstanding claim for Marion Evans. Defendants assert that $6,082.46 of that is covered by the plan. The Court finds that $6,082.46 is the amount covered by the plan for the remaining medical expenses of Marion Evans. As the Court has ruled that Defendants are not entitled to refuse to pay that amount to offset the overpayment, the Court holds that Defendants must pay Plaintiff $6,082.46 to cover Marion Evans' claim.

## IV.   CONCLUSION

For the reasons stated herein, the Court **DENIES** Defendants' joint motion for summary judgment and **GRANTS** Plaintiff's cross motion for summary as to Plaintiff's Amended Complaint. Moreover, the Court **DENIES** Defendants' joint motion for summary judgment and **GRANTS** Plaintiff's cross motion for summary as to Defendant's Joint Amended Cournterclaim.


**IT IS SO ORDERED** this  _18th_  day of May, 2005.




BERNICE BOUIE DONALD
UNITED STATES DISTRICT COURT

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 56 in case 2:03-CV-02250 was distributed by fax, mail, or direct printing on May 19, 2005 to the parties listed.

---

Teresa Ann McCullough
MCCULLOUGH & MCCULLOUGH
9050 Corporate Gardens Dr.
Germantown, TN 38138

Matthew S. Shorey
ARMSTRONG TEASDALE
One Metropolitan Square
Ste. 2600
St. Louis, MO 63102--274

Elaine Cribbs Rizza
THE RIZZA GROUP PROFESSIONAL CORPORATION
311 Allison Ave.
Washington, PA 15301

Robert D. Meyers
KIESEWETTER WISE KAPLAN & PRATHER, PLC
3725 Champion Hills Drive
Ste. 3000
Memphis, TN 38125

Honorable Bernice Donald
US DISTRICT COURT